

## Court Of Appeals
## Fourth Court of Appeals District of Texas
## San Antonio

★　　★　　★　　　　　　　　　　　★　　★　　★

# MEMORANDUM OPINION

No. 04-08-00294-CV

**SUNSET INVESTMENTS, INC.** d/b/a Rainbow Play Systems of San Antonio,
and Darren L. Patrick,
Appellants

v.

**PLAYLAND ADVENTURES, INC.,**
Appellee

From the 406th Judicial District Court, Webb County, Texas
Trial Court No. 2008-CVF-000402D4
Honorable O.J. Hale, Jr., Judge Presiding

Opinion by:　Karen Angelini, Justice

Sitting:　　　Karen Angelini, Justice
　　　　　　　Phylis J. Speedlin, Justice
　　　　　　　Rebecca Simmons, Justice

Delivered and Filed:　October 1, 2008

DISMISSED AS MOOT

　　　Appellants Sunset Investments, Inc. d/b/a Rainbow Play Systems of San Antonio and Darren

L. Patrick appeal from the trial court's temporary injunction, signed on April 11, 2008. However,

because that order has now expired, we dismiss this appeal as moot.

　　　The temporary injunction states that it "shall be effective immediately and binding on

Defendants Sunset Investments, Inc. d/b/a Rainbow Play Systems of San Antonio and Darren L.

Patrick and shall continue in full force and effect *until August 11, 2008, at 8:30 a.m., the day of the*

*trial on the merits or until further order of this Court [the trial court].*" (emphasis added). Therefore, the trial court's temporary injunction expired on August 11, 2008.

"It is well settled that a controversy must exist between the parties at every stage of the legal proceedings, including the appeal." *Bd. of Adjustment v. Wende*, 92 S.W.3d 424, 427 (Tex. 2002) (quotations omitted). "If a controversy ceases to exist - the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome - the case becomes moot." *Id.* (quotations omitted).

Here, because the temporary injunction has expired, any controversy regarding the temporary injunction has ceased to exist and is now moot. We have no jurisdiction to review an appeal that has become moot. *See id.* Therefore, on September 8, 2008, we issued an order demanding the parties to show cause why this appeal should not be dismissed as moot. In response, appellants have filed a motion requesting that we "stay issuance of an order dismissing the appeal as moot until the trial" of the underlying case. Appellants worry that once we dismiss this appeal as moot and lose plenary power over the appeal, appellee will seek an extension of the temporary injunction based on the same record before this Court, requiring appellants to re-file an identical appeal.[1] We deny appellants' motion.

We dismiss this appeal as moot.

Karen Angelini, Justice

---

[1] We note that if an appeal involves the same record as a previous appeal, any appellant can move to transfer the appellate record from one appeal to another.